**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **SHENANDOAH MOBILE, LLC, <u>et al.</u>,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No 5:13cv102 |
| | ) | |
| **EDURO NETWORKS, LLC, <u>et al.</u>,** | ) By: | Michael F. Urbanski |
| | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiffs Shenandoah Mobile, LLC, Shentel Communications, LLC, and Shenandoah Personal Communications, LLC, bring this action against defendants Eduro Networks, LLC ("Eduro, LLC") and Eduro Networks, Inc. ("Eduro, Inc.") for breach of contract, or in the alternative, unjust enrichment. This matter is currently before the court on Eduro, Inc.'s motion to dismiss portions of the amended complaint, and motion to drop it as a defendant on the grounds of misjoinder.[1] The issues have been fully briefed, and the parties have declined oral argument. For the reasons stated herein, Eduro, Inc.'s motion to dismiss will be **GRANTED** and its motion to drop will be **DENIED**.

**I.**

Plaintiffs Shenandoah Mobile, LLC, Shentel Communications, LLC, and Shenandoah Personal Communications, LLC are Virginia limited liability companies and wholly owned subsidiaries of Shenandoah Telecommunications Company. They provide telecommunication services, including leasing of fiber optic networks and communication towers. Eduro, Inc. is a New York corporation and Eduro, LLC is a Maryland limited liability company, which has

---

[1] Eduro, LLC has failed to file a timely answer to the complaint or amended complaint and plaintiffs have filed a motion requesting that the Clerk of the Court enter default. <u>See</u> Dkt. No. 23.

forfeited its charter. Plaintiffs allege that Eduro, Inc. and Eduro, LLC "share common ownership and control" and that the same individual, Thomas Wesley Poss, signed each of the contracts at issue, either as president or CEO of defendant companies.[2]

This action involves seven contracts between the parties in various configurations. However, the only contract explicitly involving Eduro, Inc. is a tower lease agreement entered into on October 14, 2010 ("TWR012 Contract").[3] The TWR012 Contract provides for leased space on a communications tower located in Franklin County, Pennsylvania. Plaintiffs allege that Eduro, Inc. has breached the contract by failing to pay rent and owes $12,985.75. The TWR012 Contract, along with the six other contracts at issue, is attached to the amended complaint. See Fed. R. Civ. P. 10(c) (A complaint is deemed to include any written instrument attached to it as an exhibit.).

The remaining six contracts all involve Eduro, LLC, as follows: (1) A Capacity Lease Agreement entered into on May 26, 2010 ("Capacity Lease Agreement");[4] (2) Four tower lease agreements, with three towers located in Washington County, Maryland, entered into on July 20, 2009 ("TWR004 Contract"), ("TWR013 Contract"), and ("TWR014 Contract"), and one tower

---

[2] Plaintiffs have also attached documents to their memorandum in response to Eduro, Inc.'s motion to dismiss and motion to drop, attempting to further explain the relationship between the defendant companies. These documents include a copy of a press release indicating that "Telegia Communications has announced the acquisition of...Eduro Networks…." Dkt. No. 21-1. The press release further announces that T. Wesley Poss will "remain as CEO." Id. Plaintiffs also attached a "Bill of Sale" indicating that Telegia Communications paid Eduro, Inc. $2,420,875.75 in cash and a secured promissory note. Dkt. No. 21-3. However, the court cannot consider these documents without transforming the pending motion to dismiss into a summary judgment proceeding. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all material that is pertinent to the motion.) Accordingly, the court does not consider these documents in making its ruling.

[3] The TWRO12 Contract is with Shenandoah Mobile Company, which subsequently merged with plaintiff Shenandoah Mobile, LLC.

[4] The Capacity Lease Agreement is with Shenandoah Long Distance Company, which subsequently merged with plaintiff Shentel Communications, LLC. Plaintiffs allege Eduro, LLC has breached this contract by failing to pay "monthy fees, additional fees, and interest charges" from October 1, 2012 through March 31, 2013, and owes $171,201.06, plus interest and attorney's fees and costs.

2

located in Hagerstown, Maryland, entered into on July 2, 2009 ("TWR006 Contract");[5] and (3) Electricity Agreement entered into February 22, 2011 ("Electricity Agreement"), allowing Eduro, LLC to connect to a power protection cabinet.[6]

Eduro, Inc. moves to dismiss the amended complaint to the extent that it seeks damages against Eduro, Inc. for alleged breaches of contract between plaintiffs and Eduro, LLC. Eduro, Inc. also moves the court to drop it as a party to this action, on the grounds of misjoinder.[7]

## II.

### A. Motion to Dismiss

In support of its motion to dismiss, Eduro, Inc. asserts that the amended complaint does not support a finding of joint and several liability, and that, "[b]ecause [Eduro, Inc.] is not a party to [six of the seven alleged contracts] it cannot be liable under those contracts." Mot. to Dismiss, Dkt. No. 15, at 3. Plaintiffs concede in their response that, "at this time, they do not seek judgment against Eduro, Inc. for the contract debts of Eduro, LLC." Pl.'s Resp. to Mot. to Dismiss, Dkt. No. 21-1 at 1. Plaintiffs state as follows:

> Plaintiffs acknowledge that the six contracts identified in Eduro, Inc.'s motion on their face purport to have been [entered] into by Eduro, LLC. Plaintiffs now clarify that, at this point in time, they only seek a monetary judgment against Eduro, LLC for the breach of these contracts or, in the alternative, unjust enrichment related to the services that Plaintiffs provided to Eduro, LLC.

---

[5] The tower lease agreements are with Shenandoah Mobile Company, which subsequently merged with plaintiff Shenandoah Mobile, LLC. Plaintiffs allege Eduro, LLC has breached these four contracts and owes $2,819.22 for the TWR004 Contract, $4,487.58 for the TWR006 Contract, $6,360.00 for the TWR013 Contract, and $3,474.90 for the TWR014 Contract, plus interest and attorney's fees and costs.

[6] The Electricity Agreement is with Shenandoah Personal Communications Company, which subsequently merged with plaintiff Shenandoah Personal Communications, LLC. Plaintiffs allege Eduro, LLC owes $330.00 under the Electricity Agreement.

[7] Eduro, Inc. asks that the court dismiss all claims against it without prejudice, rather than severing those claims. Eduro, Inc. states that the court will lack subject matter jurisdiction over any severed claims, as the amount in controversy ($12,985.75) will not satisfy the requirements for diversity jurisdiction. See Mot. to Drop, Dkt. No. 17, at 4.

Id. at 9.  However, plaintiffs ask that the court dismiss claims against Eduro, Inc. without prejudice "so that if facts are revealed during discovery indicating that Eduro, Inc. is jointly liable for Eduro, LLC's debts, [p]laintiffs may amend their complaint accordingly." Id.  In support, plaintiffs assert that defendants

> …were under common control, they held themselves out to plaintiffs as a single entity, they were controlled by the same executive officer, they both defaulted on their monthly rent obligations to plaintiffs at the same time, and it appears that at the time of default they may have sold their assets to a new entity controlled by the same executive.

Id. at 3.  Thus, plaintiffs anticipate that discovery will reveal a basis to collect Eduro, LLC's debts from Eduro, Inc.'s assets.

In light of plaintiffs' concessions, the court will grant Eduro, Inc.'s motion to dismiss counts I, II, III, IV, V, and VI to the extent these counts seek to assert a claim against Eduro, Inc. for an alleged breach of contract by Eduro, LLC.[8]  These counts will be dismissed without prejudice.  Thus, the only claim that will remain against Eduro, Inc. stems from the TWR012 Contract, as set forth in counts III and IV of the amended complaint.

### B. Motion to Drop

Plaintiffs joined under Rule 20 must satisfy two conditions:  they must assert a right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences," and a "question of law or fact common to all of them [must] arise in the action." Fed. R. Civ. P. 20(a)(1).  Similarly, persons may be joined in one action as defendants if:  any right to relief is asserted against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  Parties are

---

[8] To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter which, accepted as true, "state[s] a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

4

misjoined if they fail to meet either of the preconditions for permissive joinder set forth in Rule 20(a). Hanna v. Gravett, 262 F. Supp. 2d 643, 647 (E.D. Va. 2003). However, "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

The Rule 20 "transaction or occurrence" test permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." Saval v. BL, Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983) (internal citations omitted). Rule 20 "should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Id. (quoting Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966) ("[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). Application of the "transaction or occurrence" test requires a case by case inquiry. Saval, 710 F.2d at 1031.

Eduro, Inc. argues that there is misjoinder of both plaintiffs and defendants, and maintains that plaintiffs' allegations concern seven separate contracts, against two distinct defendants. As discussed above, Eduro, Inc. is only party to the TWR012 Contract. Meanwhile, Eduro, LLC is party to the remaining six contracts. Eduro, Inc. argues that misjoinder exists because no basis for joint and several liability is alleged in the amended complaint. Eduro, Inc. characterizes the contracts as follows:

> Each contract is its own transaction. They are not a series of transactions. For example the seven contracts do not all concern one specific tower. To the contrary, they concern five separate towers at separate locations, an unrelated lease of fiber optic transmission

capacity between two other locations, and an unrelated agreement to supply electricity at another tower location.

Mot. to Drop, Dkt. No. 17, at 3.

In contrast, plaintiffs contend that the seven contracts are "logically, commercially, and technologically integrated" and comprise a single transaction or occurrence under Rule 20. Pl.'s Resp. to Mot. to Drop, Dkt. No. 21, at 2. Plaintiffs explain how Eduro, Inc.'s TWR012 Contract is related to the other contracts as follows:

> The transaction at issue…principally consists of two elements: (1) Defendants' lease of space to place their equipment on several of Plaintiffs' telecommunications towers; and (2) Defendants' lease of capacity on fiber optic transmission lines connecting their equipment on the towers to their office and, then, connecting their office to data centers in Ashburn and Middletown, Virginia.

Id. The first element of the transaction concerns the five tower lease agreements. Eduro, Inc. signed one of these lease agreements (the TWR012 Contract) on October 14, 2010, related to a tower located in Franklin County, Pennsylvania, while Eduro, LLC signed the other four, related to towers located in Washington County, Pennsylvania and Hagerstown, Maryland. The second element of the transaction concerns the fiber optic line Capacity Lease Agreement, entered into on May 26, 2010. The Capacity Lease Agreement provides for a lease of capacity on the fiber optic transmission lines from the tower leased by Eduro, Inc., to 18450 Showalter Road, Hagerstown, Maryland, which plaintiffs assert is the location of defendants' office. See Capacity Lease Agreement, Amend. Compl., Ex. A, Dkt. No. 11-1, at 9. The Capacity Lease Agreement similarly provides for the lease of fiber optic line capacity from the towers leased by Eduro, LLC.

The court agrees with plaintiffs that the allegations against Eduro, Inc. arise from the same "series of transactions or occurrences" as the claims against Eduro, LLC and have common questions of both law and fact. Plaintiffs are related entities, as they are wholly owned

subsidiaries of Shenandoah Telecommunications Company. Also, the amended complaint alleges defendants "share common ownership and control" and that both defendants stopped paying rent owed under the contracts on the same month.[9] Moreover, each of the seven contracts in dispute was signed by Thomas Wesley Poss, as CEO and President of either Eduro, Inc or Eduro, LLC. Further, the TWR012 Contract signed by Eduro, Inc. is related to the Capacity Lease Agreement signed by Eduro, LLC, as the Capacity Lease Agreement specifically provides for the lease of fiber optic line capacity from the tower leased by Eduro, Inc.

Furthermore, the cases cited by Eduro, Inc. in support of their motion to drop are distinguishable from the instant case. In Coleman v. Conseco, Inc., 238 F. Supp. 2d 804 (S.D. Miss. 2002), the court held that certain out of state plaintiffs were fraudulently misjoined for the purpose of defeating federal jurisdiction. Forty-eight plaintiffs, from fifteen different states, had purchased long-term care insurance policies from the defendant, and the court found that each plaintiff purchased a separate policy, and the policies were purchased at different times, from different agents, at different locations. Id. at 819. Further, the court found plaintiffs' claims were not based on common questions of law or fact. Id. ("The applicable law for each claim will be the law of the state in which each plaintiff entered into their respective contracts of insurance. The facts will also vary…because the sale of the [policies] occurred at different times and over a geographic area spanning fifteen states.) The other case cited, Grennell v. W. S. Life Ins. Co., 298 F. Supp. 2d 390 (S.D. W. Va. 2004), involved allegations of fraud related to the sale of "vanishing premium" life insurance policies. In finding misjoinder, the court noted, "this litigation involves more than 1,800 insurance policies, purchased at different times, in different

---

[9] The amended complaint alleges that Eduro, LLC has failed to pay rent due under the Capacity Lease Agreement and the four tower leases for October 1, 2012 through March 31, 2013. See Amend. Complt. PP 22, 48. Eduro, Inc. has failed to pay rent due under the TWR012 Lease for October 1, 2012 through March 31, 2013. See Amend. Complt. PP 37.

places, and from different agents. Plaintiffs allege no connection between themselves other than that they were all victims of the fraudulent acts of [defendant]." Id. at , 397.

In contrast, the instant case involves three plaintiffs which are all wholly owned subsidiaries of the same company, and the defendants allegedly "share common ownership and control;" indeed, the same individual, T. Wesley Poss, signed each contract, either as CEO or President. Finally, the contracts themselves are interrelated in that they involve defendants' leasing plaintiffs' telecommunication towers, as well as plaintiffs' fiber optic transmission lines, which defendants used to transmit data from the telecommunication towers.

The court is mindful that "Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" Sykes v. Bayer Pharms. Corp., 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting Lovelace v. Lee, No. 7:03cv00395, 2007 U.S. Dist. LEXIS 77890, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). However, the instant case is not one where plaintiffs seek to stretch the reasonable relationship test under Rule 20, and join seemingly unrelated defendants. See Moore v. N.Y. Cotton Exch., 270 U.S. 593, 610 (1926) (Considering the "transaction or occurrence" test of Rule 13(a) for compulsory counterclaims and noting that transaction is a word of flexible meaning, and holding that two claims arise from the same transaction when there is a logical relationship between them); Mosley, 497 F.2d at 1333 (holding, based on analogy to Rule 13(a), that the "transaction or occurrence" requirement of Rule 20 permits "all reasonably related claims" to be tried together).[10]

---

[10] Plaintiffs have conceded that the amended complaint does not set out a sufficient basis for joint and several liability, and the court is granting defendant's motion to dismiss regarding all counts seeking judgment against Eduro, Inc. for the contract debts of Eduro, LLC. However, this does not change the court's analysis regarding the motion to drop. See In re EMC Corp., 677 F.3d 1351, 1358 (Fed. Cir. 2012) (Noting that an allegation of joint liability is not required under Fed. R. Civ. P. 20(a)(2), and that "the fact that the defendants are independent actors does not preclude joinder as long as their actions are part of the 'same transaction, occurrence, or series of

Accordingly, Eduro, Inc.'s motion to drop will be denied.

### III.

For the foregoing reasons, Eduro, Inc's motion to dismiss is **GRANTED,** and counts I, II, III, IV, V, and VI will be dismissed against Eduro, Inc. without prejudice to the extent they seek to assert a claim against Eduro, Inc. for an alleged breach of contract by Eduro, LLC. The only claim that will remain against Eduro, Inc. stems from the TWR012 Contract, as set forth in counts III and IV of the amended complaint. Further, Eduro, Inc.'s motion to drop is **DENIED.**

An appropriate Order will be entered.

Entered: March 24, 2014

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

---

transactions or occurrences.'").